NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VALEX VALENTIN; TWESSIE VALENTIN,<br><br>    Petitioners,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No.   20-70986<br><br>Agency Nos.   A209-875-928<br>    A209-875-929<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 13, 2021
Pasadena, California

Before:  GOULD and BYBEE, Circuit Judges, and CARDONE,[**] District Judge.

Valex Valentin ("Petitioner") and his minor daughter Twessie Valentin, both

natives and citizens of Haiti, petition for review of an order entered by the Board

of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

their applications for asylum and withholding of removal under the Immigration and Nationality Act and for protection under the Convention Against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.     Substantial evidence supports the agency's adverse credibility determination.  *See Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010).  Petitioner's testimony about the events underlying his claimed fear of persecution conflicted with his supporting documentation.  *See Manes v. Sessions*, 875 F.3d 1261, 1264–65 (9th Cir. 2017).  Petitioner testified, for example, that he was in a state of shock and diminished consciousness following the attack, but a purported witness interview from that night suggests a highly aware and articulate interviewee.  Given his testimony, the agency reasonably concluded that Petitioner could not have had the wherewithal required to make the statements attributed to him in the Magistrate's report.  *See Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014).  That inconsistency was not trivial, but rather went to the heart of his claim.  *See Shrestha*, 590 F.3d at 1046–47.  Petitioner asserts that he was not fully unconscious, but that does not undermine the agency's conclusion that his "altered state" rendered him *insufficiently* conscious to make the statements contained in the "verbatim transcript."  The record does not compel a contrary conclusion.  *See*

---

[1] Below, Twessie Valentin relied on her father's testimony and supporting documentation as support for her own asylum application.  We therefore focus our analysis on that evidence, but our disposition applies equally to both petitioners.

*Garcia*, 749 F.3d at 789.

The agency identified additional inconsistencies between Petitioner's testimony and supporting documentation, including conflicts as to when the attack occurred. Petitioner suggests that any inconsistencies were trivial. *See Ren v. Holder*, 648 F.3d 1079, 1085–86 (9th Cir. 2011). But "even minor inconsistencies going to the heart of a petitioner's claim may, when considered collectively, deprive the claim of the requisite ring of truth." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (internal quotation marks and citation omitted); *see Manes*, 875 F.3d at 1265 ("Given the relevance of these documents to [the petitioner's] claim, even minor issues with the documents may be given substantial weight by the Board." (citing *Shrestha*, 590 F.3d at 1046–47)). That is precisely what happened here: taken together, the inconsistencies concerning Petitioner's mental state and timeline amounted to an "inability to consistently describe the underlying events that gave rise to his fear," and could therefore "be relied upon by the IJ in making an adverse credibility determination." *See Shrestha*, 590 F.3d at 1047. Those inconsistencies undermined not just Petitioner's testimony, but also his supporting documentation. *See Manes*, 875 F.3d at 1264–65. And without that evidence, Petitioner failed to establish his eligibility for asylum or withholding of removal. *See id.*

      2.     Substantial evidence also supports the agency's denial of CAT

protection.  Petitioner's claim was "based on the same statements that the BIA determined to be not credible in the asylum context."  *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (internal quotation marks and citations omitted).  Absent Petitioner's testimony and supporting documentation, the background evidence did not establish that he "*personally* will face torture."  *See Mukulumbutu v. Barr*, 977 F.3d 924, 928 (9th Cir. 2020).  And the record belies Petitioner's assertion that the IJ did not consider the country conditions reports, an argument Petitioner failed to raise before the BIA, at any rate.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).  The agency thus properly rejected Petitioner's claim for CAT relief, as well.

The petition for review is **DENIED.**